**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PATRICK M. FERRARI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-00009-SMY** |
| | ) | |
| **CHRISTOPHER THRELKELD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**MEMORANDUM & ORDER**

**YANDLE, Chief Judge:**

Now before the Court are Defendants Smith and Threlkeld's Motion to Quash Subpoenas and Stay Discovery (Doc. 39), Defendant Madison County's Motion to Join Motion to Quash (Doc. 40), and Plaintiff Patrick M. Ferrari's Cross-Motion to Compel Immediate Compliance with Subpoenas (Doc. 42), Motion to Strike Motion to Quash (Doc. 43), and Emergency Motion to Compel Discovery (Doc. 44).

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and § 1985(3), challenging administrative orders entered by Defendants Sarah D. Smith and Christopher Threlkeld, Associate and Chief Judge of the Third Judicial Circuit of Illinois, respectively, imposing sanctions against Plaintiff (Doc. 2). He asserts the orders deprived him of his Constitutional rights to due process under the Fourteenth Amendment and access to the courts under the First Amendment. *Id.*

On April 1, 2026, Plaintiff filed what he titled a "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises" (Doc. 37). Plaintiff had emailed the same document to all counsel of record two days before and emailed notice of additional subpoenas on April 7, 2026 (Doc. 39 at 1-2). Defendants filed a motion to quash, arguing the subpoenas are

1

premature as they were served before the parties conferred as required under FRCP 26(f). Defendants also seek an order staying discovery pending resolution of their motions to dismiss.

Although Defendants move to quash the subpoenas because they are premature, the subpoenas suffer from a more fundamental problem.  Under Local Rule 45.1, subpoenas shall be issued to pro se parties "only upon Order of the Court."  SDIL-LR 45.1(a).  Thus, a pro se party must first file a motion requesting the Court authorize the issuance of any subpoena, along with copies of the proposed subpoena for review.  Here, although Plaintiff filed a proposed subpoena on the docket, it was not accompanied by a motion, and the Court did not enter an order authorizing the subpoena.  Because "a pro se litigant is not authorized to issue his own subpoena," any purported subpoena served on Defendants is "'null and void,' and Defendants need not respond to it."  *White v. Johnson*, 12-cv-623-JPG, 2012 U.S. Dist. LEXIS 96846, at *12 (S.D. Ill. July 13, 2012).  Defendants' Motion to Quash is therefore granted.

The Court also finds it appropriate to stay discovery pending resolution of Defendants' motions to dismiss.  A stay may be appropriate when discovery is not necessary to resolve certain threshold or jurisdictional issues.  *See  Fields v. Alcon Labs., Inc.*, 2013 U.S. Dist. LEXIS 88188, at *2 (S.D. Ill. June 24, 2013) (citing *Landstrom v. Illinois Dept. of Children and Family Services*, 892 F.2d 670, 674 (7th Cir 1990)).  Defendants' motions to dismiss raise purely legal issues (immunity) that do not turn on disputed facts and can be resolved without discovery.

Accordingly, Defendants Smith and Threlkeld's Motion to Quash Subpoenas and Stay Discovery (Doc. [39]) is **GRANTED**.  Defendant Madison County's Motion to Join the Motion to Quash (Doc. [40]) is **GRANTED**. Plaintiff's Cross-Motion to Compel Compliance with Subpoenas (Doc. [42]), Motion to Strike Unsigned Motions (Doc. [43]), and Emergency Motion to Compel Discovery (Doc. [44]) are **DENIED**.

**IT IS SO ORDERED**.

**DATED: May 1, 2026**

_____
**STACI M. YANDLE**
**Chief U.S. District Judge**