**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PATRICK M. FERRARI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-00009-SMY** |
| | ) | |
| **CHRISTOPHER THRELKELD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**<u>MEMORANDUM & ORDER</u>**

**YANDLE, Chief Judge:**

Now before the Court are motions to dismiss filed separately by Defendants Sarah Smith and Christopher Threlkeld (the "Judicial Defendants") (Doc. 19) and various named and unnamed employees of Madison County (the "County Defendants") (Doc. 34). For the following reasons, both motions are **GRANTED**.

**<u>Background</u>**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and § 1985(3), challenging administrative orders entered by Defendants Sarah D. Smith and Christopher Threlkeld, Associate and Chief Judge of the Third Judicial Circuit Court of Illinois (Doc. 13). The first order was entered October 1, 2025 by Judge Smith, before whom Plaintiff had multiple pending cases. *Id.* at 17. In the order, Judge Smith found that Plaintiff had filed over a dozen frivolous pleadings in the span of two weeks and repeatedly berated the court staff demanding "immediate access to the court." *Id.* Accordingly, Judge Smith imposed sanctions prohibiting Plaintiff from filing additional pleadings without first obtaining leave from the court. *Id.*

1

The second order challenged by Plaintiff is a general administrative order entered by Chief Judge Threlkeld on November 12, 2025. *Id.* at 19. This order prohibited Plaintiff from entering any court facility within the Third Judicial Circuit without written authorization, so as "to ensure … the fair and orderly administration of justice and the judicial process." *Id.*

Plaintiff alleges these court orders deprived him of his constitutional rights to due process under the Fourteenth Amendment and access to the courts under the First Amendment, as well as various rights under the Illinois Constitution. Based on these allegations, Plaintiff asserts the following claims:

Count I: Denial of procedural due process under the Fourteenth Amendment to the U.S. Constitution and Article I, Section 2 of the Illinois Constitution (All Defendants);

Count II: Judicial Bias in violation of Illinois Supreme Court Rule 63(C)(1) (Judicial Defendants);

Count III: Denial of court access in violation of the First Amendment (All Defendants);

Count IV: Fabrication of evidence/perjury (Defendant Smith and unnamed deputies of the Madison County Sheriff's Department);

Count V: Conspiracy under § 1985(3) (All Defendants);

Count VI: Monell/supervisory liability (Madison County Defendants).

(Doc. 13).

In his prayer for relief, Plaintiff seeks an order declaring the challenged state-court orders void, enjoining enforcement of the orders, restoring access to the relevant court facilities, and requiring the state court clerk's office to accept all of Plaintiff's filings. *Id.* at 16. Plaintiff also seeks $4,650,000 in punitive and compensatory damages. *Id.*

The Judicial Defendants move to dismiss all claims against them for insufficient of process pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(5). In the alternative, the Judicial

2

Defendants move for dismissal pursuant to Rule 12(b)(6), arguing all of Plaintiff's claims against them are barred by judicial immunity and sovereign immunity under the Eleventh Amendment.[1] Separately, the Madison County Defendants move to dismiss all counts against them on grounds of quasi-judicial immunity, qualified immunity, and failure to state a claim.

## Discussion

### Judicial Defendants' Motion to Dismiss (Doc. 19)

Judicial officers enjoy absolute immunity from suits for damages for all acts taken in their capacity as judges. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Additionally, the 1996 amendments to § 1983 specifically bar most claims for injunctive relief against judges. 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

Plaintiff acknowledges the doctrine of judicial immunity but argues that immunity does not apply to the challenged administrative orders because they were "administrative policymaking" and "were issued ultra vires, ex parte, without notice, hearing, courtroom, or case number" (Doc. 26 at 3). In support of his argument, Plaintiff cites *Forrester v. White*, 484 U.S. 219 (1988),[2] in which the Supreme Court held that absolute immunity applied only to judicial acts and not "administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." *Id.* at 227-28.

Plaintiff misreads *Forrester*. The plaintiff in that case challenged decisions made by a state judge in their capacity as an employer, not a judge; namely, the decision to demote and then

---

[1] Because the Court grants the Judicial Defendant's motion on grounds of judicial immunity, it does not consider their arguments based on service of process and sovereign immunity.

[2] Plaintiff also cites "Cooper v Rapp, 702 F.3d 1001, 1005 (7th Cir. 2012)," a Seventh Circuit case that does not exist.

terminate a court employee. *Id.* at 221. Other decisions by the Supreme Court make clear that whether a particular act is judicial turns on "the nature and function of the act, not the act itself." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (quoting *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)). Relevant considerations include "whether [the act] is a function normally performed by a judge, and … the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* Immunity still applies "despite any informality with which the judge proceeded, and despite any *ex parte* feature of the proceeding." *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) (internal quotation omitted).

Under these standards, Judge Smith's October 11, 2025 administrative order was clearly a judicial act. Judge Smith's order imposed sanctions against Plaintiff based on his conduct in multiple cases pending before her; namely, the repetitive filing of frivolous motions. The imposition of sanctions against litigants is an inherently and exclusively judicial function. *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). Because judicial immunity is determined using a functional test, the fact that the challenged orders were titled "administrative" orders is irrelevant under *Forrester*. *See Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) ("*Forrester* stands for the unremarkable proposition that internal employment decisions made by judges are not judicial acts. Such acts have no relevance to the development and implementation of A[dministrative]O[rder] 03-11."). Thus, Judge Smith is immune from all claims based on her October 11, 2025 order.

Chief Judge Threlkeld's general administrative order poses a closer question because Plaintiff was not a party in any case before Judge Threlkeld at the time the order was issued. The Seventh Circuit has yet to consider whether a general order entered by a chief judge is a judicial act entitled to immunity, and the other circuits are divided. Some courts have found that judicial

immunity does not apply to a general administrative order when an affected litigant cannot appeal the order. *See Morrison v. Lipscomb*, 877 F.2d 463, 466 (6th Cir. 1989) (An administrative order directing clerk's office not to accept petitions "differs from an adjudication in that a litigant offended by a judicial act can … appeal the court's decision …[;]here, no direct appeal is available, making the absence of judicial liability far less reasonable."). However, other courts have applied judicial immunity to general orders setting court policy that are by their nature unappealable. *See John Chism Bail Bonds, Inc. v. Pennington*, 656 F. Supp. 2d 929 (E.D. Ark. 2009) (finding that a general order prohibiting "credit bonding" was a judicial act subject to immunity); *Roth*, 449 F.3d at 1287.

Considering the full context in which Judge Threlkeld's administrative order was issued, this Court finds that it was a judicial act. Although Plaintiff was not appearing before Judge Threlkeld as a litigant, the order applies to Plaintiff's conduct in several cases (Doc. 26-1 at 29). This was not an order setting general policy that may impact other parties, but rather a tailored response to disruptive conduct by a specific litigant. Indeed, the order directs the Clerk of Court to create a case file titled "In the Matter of Patrick M. Ferrari" in which all related orders and correspondence may be filed (Doc. 26-1 at 30). This is more akin to an imposition of sanctions, an act that can only be performed by a judge, than a decision to terminate a court employee, such as was at issue in *Forrester*.

Because Plaintiff's claims against Judges Smith and Threlkeld are based on judicial acts for which they are absolutely immune, all claims against them will be dismissed. Moreover, because any attempt to reassert claims barred by absolute immunity would be futile, the dismissal shall be with prejudice. *See James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 401 (7th

5

Cir. 2006) (holding dismissal with prejudice is appropriate when a district court "reasonably believe[s] that an amended complaint would suffer the same fatal flaws as the one before it").

### County Defendants' Motion to Dismiss (Doc. 34)

Plaintiff asserts various claims against the County Defendants on two bases: the enforcement of the judges' administrative orders by clerk's office staff and deputies of the Madison County Sherrif's office, and the alleged omission by an unnamed deputy of exculpatory footage from a 25-minute interview of Plaintiff. The absolute immunity afforded to judges also extends to "those performing ministerial acts under a judge's supervision and intimately related to judicial proceedings[.]" *Ashbrook v. Hoffman*, 617 F.2d 474, 477 n.4. (7th Cir. 1980). Here, most of Plaintiff's claims against the County Defendants are based on allegations that they "enforced the filing ban" and "physical exclusions" imposed by the Judicial Defendants' orders. Because these actions were taken "at the explicit direction of a judicial officer," they are protected by quasi-judicial immunity. *Zoretic v. Darge*, 832 F.3d 639, 644 (7th Cir. 2016).

With respect to the alleged omission of video interview footage, Plaintiff's Complaint does not indicate whether the interview between himself and the unnamed deputy was conducted at the direction of a judge. Because no further information regarding this interview and the alleged omission of evidence is included, the Court cannot determine whether quasi-judicial immunity applies. Nevertheless, dismissal is still appropriate because Plaintiff has failed to state a valid claim based on the alleged omission of evidence from this interview.

Count IV of Plaintiff's Complaint, which asserts a claim for fabrication of evidence/perjury, is the only claim based on the alleged omission of evidence. A fabrication of evidence claim is only cognizable when such evidence is used in a criminal trial. *Patrick v. City of Chi.*, 974 F.3d 824, 835 (7th Cir. 2020). Similarly, a claim for suppression of exculpatory

evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), cannot be brought if Plaintiff was never subject to prosecution or trial. *Fields v. Wharrie*, 672 F.3d 505, 513-14 (7th Cir. 2012) (Because "*Brady* and *Giglio* violations breach a defendant's trial rights," there is no *Brady* violation "unless and until a prosecutor, in the course of preparing for or conducting a trial or direct appeal, does not turn over the material evidence in question."). Here, Plaintiff does not allege that the interview and resulting evidence was related to any criminal prosecution, and the only charge pending against him appears to be an unrelated traffic violation (Doc. 16 at 4-5). As such, Plaintiff fails to state a viable claim based on the suppression of evidence.

Additionally, although Plaintiff names both Madison and Bond Counties as Defendants, Bond County has not entered an appearance in this case. A review of the docket reveals the Bond County Defendants were not properly served. While a "proof of service" on these defendants was docketed on February 26, 2026, the documentation indicates that summonses were sent to Madison County's trial court administrator by certified mail (Doc. 25). Service by certified mail is not recognized by the Federal Rules of Civil Procedure or any equivalent Illinois statute, in the absence of valid service. *Khan v. Presence St. Mary & Elizabeth Hosps.*, at *12 (N.D. Ill. Nov. 17, 2020) ("In Illinois, service on individual defendants through the United States Postal Service by certified mail is not permitted under the statute.").[3] The Court nevertheless finds it appropriate to dismiss Plaintiff's Complaint as to Bond Couty as well.

Although Bond County has not entered an appearance and thus has not joined either motion to dismiss, the Court "may grant a motion to dismiss as to non-moving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related." *Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir.

---

[3] Although the same defect in service applies to both Madison and Bond Counties, Madison County waived any objection based on service of process by entering an appearance in this case (Doc. 28, 29).

1993).  Here, the only allegation Plaintiff makes against Bond County is that it "ratified and implemented" the judges' orders (Doc. 13 at 8).  Bond County's position is thus identical to that of Madison County and its employees.  As such, all claims against Bond County will be dismissed on the basis of immunity.  *See Burgess v. Michealson*, 1993 U.S. Dist. LEXIS 12410, at *4 (N.D. Ill. Sep. 1, 1993) ("A *sua sponte* dismissal may apply to a party prior to service of the complaint, particularly where, as here, plaintiff has had an opportunity to respond to a motion to dismiss.").

Because Plaintiff's claims against the County Defendants are either barred by quasi-judicial immunity or otherwise deficient, they will be dismissed.  Further, this Court finds that any attempt to reassert claims based on conduct shielded by absolute immunity would be futile, as would any claim for fabrication or suppression of evidence where no charges were ever brought. Therefore, this dismissal shall be with prejudice as well.

### Disposition

For the foregoing reasons, Defendants' motions to dismiss (Docs. 19 and 34) are **GRANTED**.  Plaintiff's Complaint (Doc. 13) is **DISMISSED with prejudice** in its entirety.  All pending motions are **TERMINATED as MOOT**, and all pending deadlines and all settings are **VACATED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED**.

**DATED: June 2, 2026.**

**STACI M. YANDLE**
**Chief U.S. District Judge**

8