**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PATRICK M. FERRARI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-00009-SMY** |
| | ) | |
| **CHRISTOPHER THRELKELD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Pending before the Court is Plaintiff's Motion to Vacate Judgment or Reopen Time to Appeal (Doc. 57). For the following reasons, Plaintiff's motion is **DENIED**.

On June 2, 2026, the Court granted Defendants' respective motions to dismiss and entered judgment in their favor (Docs. 55, 56). Plaintiff now moves the Court to vacate its Judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b). Plaintiff argues this relief is warranted because he was medically incapacitated at the time judgment was entered due to a previously scheduled surgical procedure on May 6, 2026.

Plaintiff asserts that he put the Court on notice of his incapacity by filing a motion to temporarily stay his case on May 5, 2026 (Doc. 51), and that therefore, his inability to respond was not the result negligence. However, Plaintiff filed responses to Defendants' motions to dismiss on February 26 and March 26, 2026 (Doc. 26, 35). Thus, each motion had been fully briefed before Plaintiff filed his motion to stay. Because Plaintiff's ability to respond to Defendants' motions was not impacted by his hospitalization, relief under Rule 60(b) is not substantiated.

In the alternative, Plaintiff asks the Court to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), under which a district court may reopen the time to file an appeal for a period of 14 days if the following conditions are met:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). For purposes of the Rule, notice is "received" when it is "delivered to the proper address," not when it is opened and read. *Khor Chin Lim v. Courtcall Inc.*, 683 F.3d 378, 381 (7th Cir. 2012).

A review of the docket reveals that copies of the final order and judgment were sent to Plaintiff's home address on June 3, 2026. Plaintiff does not suggest they were not delivered or otherwise arrived late. And while Plaintiff states he has remained hospitalized since the Court entered judgment, documentation attached to his motion to stay indicates Plaintiff was expected to recover at home, returning to the hospital only for follow-up appointments (Doc. 51-1). Indeed, emails Plaintiff sent to Madison County Courthouse staff throughout June and July reflect that he made plans to visit the law library several times during this period. While Plaintiff did inform court staff he would not be able to make a planned visit on June 12, his stated reason was that he was on pain medication and could not drive, not that he was hospitalized (Doc. 58 at 5).

Rule 4(a)(6) does not grant courts the discretion to consider excusable neglect or similar equitable factors. Because Plaintiff offers no evidence that notice of the Court's order was not delivered to his address, rather than delivered but not opened, he is not entitled to relief under the

Rule. *See Khor Chin Lim*, 683 F.3d at 381 (7th Cir. 2012) ("The judiciary is not entitled to add time just because a litigant fails to open or read his mail—or for any other extra-statutory reason.").

For the foregoing reasons, Plaintiff's Motion to Alter Judgment or Reopen Time to Appeal (Doc. 57) is **DENIED**.

**IT IS SO ORDERED**.

**DATED: September 8, 2026**

**STACI M. YANDLE**
**Chief U. S. District Judge**