**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PATRICK M. FERRARI,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 26-cv-00009-SMY** |
| **CHRISTOPHER THRELKELD, et al.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**YANDLE, Chief District Judge:**

Pending before the Court are Plaintiff's Motion for Extension of Time to File Notice of Appeal (Doc. 64) and Motion for Leave to Appeal *in forma pauperis* (Doc. 69). For the following reasons, the Motion for Extension of Time is GRANTED, and the Motion for Leave to Appeal *in forma pauperis* is DENIED.

On June 2, 2026, the Court granted Defendants' respective motions to dismiss and entered judgment in favor of Defendants (Docs. 55, 56). Plaintiff then filed a Motion to Vacate Judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b), which the Court denied on September 8, 2026 (Doc. 63). On October 9, 2026, one day after the deadline prescribed by Federal Rule of Appellate Procedure ("FRAP") 4(a), Plaintiff filed the instant motion seeking to extend that deadline pursuant to FRAP 4(a)(5). Plaintiff acknowledges he received notice of the Order he seeks to appeal by at least September 21, 2026, but argues he has demonstrated excusable neglect because he was recovering from hip surgery during the relevant time period.

Pursuant to FRAP 4(a)(5)(A), the Court may extend the deadline to file a notice of appeal if a party so moves no later than thirty days after the original deadline and shows excusable neglect

or good cause. The excusable neglect standard applies when the movant is at fault for missing the deadline; the good cause standard applies when there is no such fault. Fed. R. App. P. 4(a)(5)(A)(ii), advisory committee's note on 2002 amendments. Here, because Plaintiff received notice of the Court's order well before the applicable deadline, the excusable neglect standard applies. When determining whether excusable neglect has been shown, the Court considers the following factors: (1) the danger of prejudice to the other party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Christensen v. Weiss*, 145 F.4th 743, 755 (7th Cir. 2025).

Defendants argue the facts in this case are similar to those in *Sherman v. Quinn*, 668 F.3d 421 (7th Cir. 2012), in which the moving party missed the thirty-day deadline by a single day but nonetheless failed to establish excusable neglect. That case involved a party who was represented by counsel—counsel whose only proffered excuse was an overcommitment of time. *Id.* at 426. By contrast, Plaintiff is proceeding *pro se* and has provided a signed statement from his surgeon indicating he was still in postoperative recovery when the relevant deadline passed (Doc. 64 at 7-8). Plaintiff's proffered reasons, combined with the minimal length of the delay and the resulting lack of prejudice, satisfy the excusable neglect standard. Accordingly, Plaintiff's motion will be granted.[1]

Separately, Plaintiff moves for leave to appeal *in forma pauperis*. Courts may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A). An

[1] Plaintiff's Notice of Appeal states that he seeks to appeal both the denial of his Rule 60(b) motion and the Court's June 2, 2026 Judgment dismissing his claims with prejudice (Doc. 65). However, the window to extend the deadline to appeal the Court's Judgment expired on August 3, 2026, and an appeal from the denial of a Rule 60 motion does not open the door for an appeal of the underlying judgment. *Bell v. McAdory*, 820 F.3d 880, 882 (7th Cir. 2016). Accordingly, Plaintiff's motion is granted only as to the deadline to appeal the Court's September 8, 2026 Order (Doc. 63).

appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Plaintiff has provided the required financial details in his motion. However, he has not identified the issues he intends to appeal; the Court therefore cannot determine whether legal merit exists for an appeal. Thus, this motion will be denied.

For the foregoing reasons, Plaintiff's Motion to Extend the Deadline to File a Notice of Appeal (Doc. 64) is **GRANTED**. Plaintiff's Motion for Leave to Appeal *in forma pauperis* (Doc. 69) is **DENIED**.

**IT IS SO ORDERED**.

**DATED: November 23, 2026**

**STACI M. YANDLE**
**Chief U. S. District Judge**